IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM HOWDEN,

    Plaintiff,

v.                                                            CIV. 14-459 MCA/GBW

GREGG MARCANTEL, *et al.*,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. *Doc. 3.* Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d

994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors.  Plaintiff's Motion consists of a single page stating that he contacted two attorneys who both declined to represent him without payment. *Doc. 3.*  Inability to retain counsel is not one of the factors articulated in *Thomas* and therefore cannot be the basis for the Court's appointment of counsel.  Furthermore, the applicable factors do not indicate that counsel should be appointed here.  Plaintiff's Complaint does not present novel or complex legal claims.  *Doc. 1.*  The Complaint, moreover, demonstrates Plaintiff's ability to coherently articulate his legal position. *Doc. 1.*  Thus, based on the Court's own review, none of the *Thomas* factors support granting Plaintiff's Motion.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, (*doc. 3*), is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE