IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM HOWDEN,

    Plaintiff,

v.                                                                                                    CIV. 14-459 MCA/GBW

GREGG MARCANTEL, *et al.*,

    Defendants.

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## PROPOSED FINDINGS & RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's Objections to Denial of Plaintiff's Motion for Appointment of Counsel (*doc. 14*), Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 15*), and Plaintiff's Motion for Interlocutory Appeal as to the Order Denying Appointment of Counsel (*doc. 16*).

    I.    APPOINTMENT OF COUNSEL

On May 15, 2014, Plaintiff filed a Motion to Appoint Counsel, stating that he had contacted two attorneys who both declined to represent him without payment. *Doc. 3*. The Magistrate Judge denied the Motion on June 1, 2014, finding that Plaintiff had failed to establish that he was entitled to counsel based on the applicable factors set forth in *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006). *Doc. 10.* Plaintiff

now objects to the Court's order denying appointment of counsel, and seeks an interlocutory appeal on this issue. *Docs. 14, 16.*

### A. Motion for Interlocutory Appeal

As an initial matter, Plaintiff is not entitled to an interlocutory appeal to a higher court. Federal Rule of Civil Procedure 72(a) provides that, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [a] party may serve and file objections to the order within 14 days . . . ." FED. R. CIV. P. 72(a). At that point, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Here, Plaintiff objects to the Magistrate Judge's ruling on a nondispositive matter. He is therefore entitled to an appeal to the district judge assigned to his case (the undersigned)—not an appeal to a higher court. Plaintiff's Motion for Interlocutory Appeal (*doc. 16*), is thus DENIED.

### B. Plaintiff's Objections & Appeal to the District Judge

With respect to Plaintiff's appeal to the district judge, I find that it is without merit. In his objections, Plaintiff states that "denial of counsel is also denial of Plaintiff's motion for certification of a class, which requires counsel." *Doc. 14* at 2. He further protests that "[d]enial of counsel also blocks joinder of other plaintiffs under FRCP Rules 18 and 19, since no plaintiff [illegible] pro se can adequately represent the other joined plaintiffs." *Id.* Finally, Plaintiff states that his denial of counsel "forecloses much

2

of the available legal process," because it is difficult to access legal materials in prison where plaintiff resides. *Id.*

While much of what Plaintiff states is true—it is surely difficult to represent oneself from prison and a *pro se* plaintiff is not permitted to represent other plaintiffs—Plaintiff has still failed to establish that these circumstances entitle him to counsel in this case. As the Magistrate Judge explained, "[t]here is no constitutional right to appointed counsel in a civil case." *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). Although "[t]he decision to appoint counsel is left to the sound discretion of the district court," *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001), the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

*Thomas v. Brockbank* sets forth the factors a court should consider in assessing whether a plaintiff should be awarded counsel: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). The Magistrate Judge found that these factors did not weigh in favor of appointing counsel for Plaintiff, and I do not find that his order was "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Plaintiff's claims are not novel or

3

complex, and he has demonstrated the ability to express himself clearly in his filings with the Court.

As to the additional grounds upon which Plaintiff requests counsel—(1) his difficulty in pursuing his case based on his limited resources in prison, and (2) his inability to join other plaintiffs or to certify a class—these too lack merit. The fact that a prisoner may have limited access to legal resources is not a sufficient basis upon which to appoint counsel under *Thomas*. Further, although Federal Rule of Civil Procedure 23(c)(1)(B) provides that "[a]n order that certifies a class action must . . . appoint class counsel under Rule 23(g)," this rule does not *create* a right to counsel where a plaintiff seeks to pursue a class action. In other words, Plaintiff cannot bootstrap a motion to certify a class action to a motion to appoint counsel in order to obtain counsel on the grounds that the complexity of class action suits creates a need for appointed counsel. In any event, because Plaintiff has failed to satisfy the prerequisites for class certification (*see* Section II *infra*), and because his claims contain no inherent complexity otherwise, the Magistrate Judge correctly concluded that the *Thomas* factors weigh against appointing counsel.

Because I find that the Magistrate Judge's Order Denying Plaintiff's Motion to Appoint Counsel (*doc. 10*) was neither clearly erroneous nor contrary to law, I hereby OVERRULE Plaintiff's objections.

## II.  PLAINTIFF'S OBJECTIONS TO THE PROPOSED FINDINGS & RECOMMENDED DISPOSITION

Plaintiff also objects to the Magistrate Judge's PFRD (*doc. 11*) recommending that the Court deny Plaintiff's Motion to Certify Class Action.  *Doc. 15*.  Plaintiff filed a Motion Requesting Approval for Certification of a Class on May 15, 2014.  *Doc. 4*.  On June 1, 2014, the Magistrate Judge filed his Proposed Findings and Recommended Disposition, concluding that the Motion should be denied because Plaintiff did not meet the requirements of Federal Rule of Civil Procedure 23, which provides for certification of a class only where "the representative parties will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4).  The Magistrate Judge concluded that Plaintiff failed to meet this standard because, although a *pro se* plaintiff "may bring his own claims to federal court without counsel, [he may] not [bring] the claims of others." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made."  28 U.S.C. § 636(b).  Objections must be made with specificity; general or conclusory objections are insufficient.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

5

In his objections, Plaintiff states that his motion to certify a class is related to his motion to appoint counsel, and "[t]o preempt the class motion by denying counsel is prejudicial." *Doc. 15* at 2. Plaintiff states that the reason for denying his motion for class action—his *pro se* status—was a "condition [that] has been created by denial of the motion for appointment of counsel." *Id*. Plaintiff argues that the other requirements for certification of a class set forth in Rule 23 have been met, and argues that a class action would be in the interest of judicial economy. *Id.* at 3-4.

The Court has reviewed Plaintiff's objections to the Magistrate Judge's PFRD and has considered his Motion to Certify Class Action *de novo*. While it is true that the Court's denial of Plaintiff's Motion to Appoint Counsel ultimately led to the denial of his Motion to Certify Class Action, it does not follow from that fact that Plaintiff is entitled to either counsel or certification of a class action. The Tenth Circuit has "consistent[ly ruled against] certifying pro se class actions," and has done so in other prisoner suits under 42 U.S.C. § 1983. *Lowery v. Edmondson*, 528 F. App'x 789, 793 (10th Cir. 2013).

In any event, Plaintiff cannot demonstrate that the prospective class of eleven plaintiffs "is so numerous that joinder of all members is impracticable" as required by Fed. R. Civ. P. 23(a)(1). In *Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Co. of Texas*, the Tenth Circuit affirmed the district court's conclusion that joinder was not impractical and denial of class certification for lack of numerosity where only 37 potential members existed. 511 F.2d 1073, 1077 (10th Cir. 1975); *see also Martinez v. Richardson*, 472 F.2d

1121, 1126 (10th Cir. 1973) (suggesting lower court "might have dismissed the class action because of the lack of requisite numerosity" where "there were only 87 persons who in a realistic sense were affected"). Eleven is a far cry from an insufficient thirty-seven. And although "there is no set formula to determine if the class is so numerous that it should be so certified," Plaintiff has failed to assert any grounds—other than the size of the class, which is itself insufficient given the paucity of prospective plaintiffs—that would support a finding that joinder is impractical. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006) (quoting *Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 436 (10th Cir. 1978)) (internal quotations omitted).

I therefore find that Plaintiff is not entitled to certification of a class. Plaintiff's objections (*doc. 15*) are OVERRULED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Interlocutory Appeal as to the Order Denying Appointment of Counsel (*doc. 16*) is DENIED, Plaintiff's Objections to Denial of Plaintiff's Motion for Appointment of Counsel (*doc. 14*) are OVERRULED, and Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 15*) are OVERRULED. The Magistrate Judge's PFRD (*doc. 11*) is ADOPTED.

_____
CHIEF UNITED STATES DISTRICT JUDGE