IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM HOWDEN, JA'WAYNE HELFFRICH,
ROY JOHNSON, STEVE RODMAN,
BENEDICTO MARQUEZ, EULOGIO RODRIGUEZ,
MANUEL MORENO, RICHARD WATERHOUSE,
DARREN ROSE, JEFFREY WILLIAMS,
JOHNNY MADRIL,

      Plaintiffs,

v.                                                                                         No. CV 14-0459 MCA/GBW

GREGG MARCANTEL, JERRY ROARK,
COLEEN MCCARNEY, ROBERT STEWARD,
MICHAEL HOHMAN, HERMAN GONZALES,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff William Howden's civil rights complaint.[1] Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss Plaintiff's complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

---

[1] Although the caption names a number of Plaintiffs, the complaint asserts claims only of Plaintiff Howden, and only Howden signed the complaint.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, in an eight-hour bus trip with eleven other inmates, Defendants transferred Plaintiff from one correctional facility in New Mexico to another.   Plaintiff asserts that officials ordered the transfer without making an assessment of his medical condition.   He alleges that the transport van was very hot and had no ventilation.   The transport officers refused to make any rest stops during the trip, thus causing Plaintiff extreme discomfort.   The drivers also drove carelessly, causing additional discomfort.   Plaintiff contends that the lack of medical assessment violated his due process rights, and Defendants' actions during the transport violated his rights under the Eighth Amendment.   The complaint seeks damages.

As unpleasant as the transport trip may have been, Plaintiff's allegations do not support constitutional claims.   Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment."   *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   Furthermore, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Even assuming Plaintiff's allegations describe wanton infliction of pain by the drivers, they do not assert Defendants' disregard of an excessive risk to his health or safety, and thus the complaint fails to state a claim under the Eighth Amendment.   Nor does the complaint state a separate Due Process claim under the Fourteenth Amendment for Defendants' alleged failure to classify his medical condition before the transport.   It is "the Eighth Amendment [that] is offended [by denial of

medical care by staff with] 'gate keeping' authority over prisoner access to medical professionals." *Blackmon v. Sutton*, 734 F.3d 1237, 1245 (10th Cir. 2013); *see also Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) (noting that a plaintiff's pro se characterization of claims is not dispositive).   The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE